The State of Ohio, Appellee, *v.* Glover, Appellant.
The City of Columbus, Appellee, *v.* Glover, Appellant.

(Nos. 76AP-152 and 76AP-133—Decided September 30, 1976.)

*Mr. John L. Francis,* city attorney, *Mr. Daniel W. Johnson,* prosecuting attorney, and *Ms. Eugenia L. Ryan,* for appellee.

*Ms. Carolyn A. Watts* and *Mr. William O. Carse,* for appellant.

Reilly, J. These cases are consolidated upon appeal and include two assignments of error, applying to each case respectively, as follows:

"76AP-152—Assignment of Error.

"The trial court erred in finding defendant guilty of failure to appear since there was insufficient evidence to establish that defendant was given any notice of the trial date.

"76AP-133—Assignment of Error.

"The trial court erred in finding the defendant guilty of

resisting arrest where the arresting police officer was performing duties solely for the benefit of his private employer.''

The transcript shows that appellant was charged with a failure to appear for trial upon a recognizance bond, pursuant to R. C. 2937.29, on which he had been released on a pending petit theft charge. He was found guilty by the trial court and a fifty-dollar fine was imposed, but suspended due to the fact that appellant had spent eight days in jail awaiting trial. The trial judge to whom the case was initially assigned testified that he had no personal recollection of the defendant in the case, but relied upon entries written on the outside, or ''pocket'' of the case. An entry of the date of March 7, 1975, indicated that the case was assigned for a record hearing and that the right of jury trial was waived; whereupon, a record hearing was scheduled for March 26, 1975, at which appellant did not appear.

The initial trial court judge testified that he had no knowledge of notice being given to appellant to appear for the March 26 record hearing. Officer James L. Dyer, a police officer employed by the Ohio State University, had filed a complaint upon which appellant was arrested and released. Officer Dyer was present at the March 7 pretrial hearing of appellant's case and testified that appellant was also there at that time. The court inquired of Officer Dyer as follows:

''The Court: On March the 7th, do I understand that you were present in court before Judge Pearson?

''The Witness: Yes, sir.

''The Court: At which time you recall having seen the defendant; is that right?

''The Witness: Yes, sir.

''The Court: At that time were you advised by the Court as to the date that this case would be scheduled for a trial?

''The Witness: I believe we were, sir.

''The Court: Do you believe that you were or do you know that you were?

''The Witness: Well, I know that it was—we were not going to have a jury trial; I know that. I remember that

situation. I know it was put up for a record hearing, but I do not recall the exact date."

Before a person may be convicted for not appearing for a trial, there must be a showing that he knew or should have known the date upon which it was to be held. In this case, there simply is not a showing that appellant had notice of the trial date. We hasten to add that, if there is any evidence that a defendant failed to appear at trial, the prosecution should act accordingly and such action would indeed be affirmed. In this case, however, there was no record made that appellant was notified of the trial date.

It is reiterated that there must be some evidence that appellant knew, or should have known, of such date. The syllabus of *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, reads as follows:

"Circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt."

The transcript in this case, as noted above, does not reveal evidence inconsistent with any reasonable theory of the defendant's innocence—namely, that he was not notified of the date of trial. Therefore, the evidence was insufficient to sustain a conviction. Accordingly, appellant's first assignment of error is sustained.

In the second case, appellant was arrested February 5, 1975, for theft (Columbus Code 2305.05) and resisting arrest (Columbus Code 2315.01). At the close of the prosecution's case, counsel for appellant moved for an acquittal of the resisting arrest charge. The motion was overruled and appellant then entered a plea of guilty of petty theft and no contest as to resisting arrest. The trial court found appellant guilty on both charges and sentenced him to three days incarceration upon the theft charge and seventeen days for resisting arrest. The transcript indicates that appellant was arrested February 5, 1975, at a Kroger supermarket by an officer of the Columbus Police Department who was off duty, out of uniform and working as a paid Kroger employee. Officer Sheasby testified that he saw appellant concealing, apparently, a piece of sausage on

his person while behind a two-way mirror at the rear of the store. The officer stopped appellant at the exit, showed him his badge as a Columbus police officer, and informed him he was under arrest. The officer testified that he proceeded to escort appellant to the rear of the store, where there was a scuffle, and appellant was subdued by the officer.

We reiterate that the officer's testimony was that he stopped appellant at the door, showed him his badge, identified himself as a police officer, and told him he was under arrest for shoplifting. This case is distinguishable from *State* v. *McDaniel* (1975), 44 Ohio App. 2d 163, cited by counsel for appellant. In *McDaniel,* the security officers were fulltime Lazarus employees and were merely specially commissioned as deputies, and their operations were restricted to Lazarus. Moreover, the legality of a search rather than an arrest was involved in the *McDaniel* case.

A duly commissioned police officer holds a public office upon a continuing basis. The officer here remained an officer of the law, and his obligation to preserve the peace was not nullified by the fact he was working for Kroger in this case. Notwithstanding, the officer, even though acting as a private security policeman, had the right and duty to arrest and detain a person who was violating a law of this state or an ordinance of the city of Columbus until a warrant could be obtained. Therefore, it was not error for the trial court to find appellant guilty of resisting arrest within the facts and circumstances of this particular case. Consequently, appellant's second assignment of error is not well taken and is overruled.

Accordingly, since appellant's first assignment of error is sustained and the second overruled, the judgment is in part affirmed and in part reversed, and the cause is remanded for further proceedings consistent with law, in accordance with this decision.

*Judgment reversed in part and affirmed in part.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.