## State v. Balas
### [Cite as 5 AOA 234]

*Case No. 2504*
*Wayne County, (9th)*
*Decided July 11, 1990*

Richard R. Benson, Jr., Asst. Prosecutor, 538 N. Market St., Wooster, OH 44691, for Plaintiff.

Michael G. Buytendyk, Attorney at Law, 517 N. Market St., P.O. Box 153, Wooster, OH 44691, for Defendant.

*Per Curiam.*

Appellant Steve Balas appeals from his conviction for failure to appear on his own recognizance in violation of R.C. 2937.29. We affirm.

The facts giving rise to the present conviction for failure to appear resulted from a previous conviction wherein the court had ordered Balas to perform seventy-six hours of community service to pay the costs from a previous case. Balas did not appeal this first imposition of the community service requirement in lieu of costs. Balas' failure to perform the community service resulted in a notice to him to appear and show cause why he should not be held in contempt for his failure to so perform.

On December 15, 1988 the court cited Balas for contempt and upon a finding of indigency appointed the Wayne County Public Defender to represent Balas. A contempt hearing was held on January 3, 1989. The court found Balas guilty but sentencing was delayed. During the interim between the verdict and sentencing, Balas was released on his own recognizance. On December 15, 1988, Balas signed a bond that he would personally appear for sentencing at a date to be set. The assignment commissioner in charge of setting court dates testified that state's exhibit B was prepared by him on January 24, 1989 and was the court's notice to Balas that sentencing was scheduled for January 30, 1989. Because the

public defender represented Balas, the notice was given to their office. The secretary from the office of the public defender testified that she contacted Balas' mother on January 26 or January 27 to inform Balas of his sentencing hearing. Balas' mother testified that her son was in Florida and that she told the public defender's office that she was not sure that he would contact her so that she could relay the message.

Balas, did not appear at the hearing. Bond was forfeited, a bench warrant was issued and Balas was arrested upon his return home.

Balas was tried to a jury and convicted of failure to appear. The trial court sentenced him to sixty days in jail and one hundred twenty-five hours of community service at $4.00 per hour to pay the $150 fine and $361 in court costs.

Balas assigns two errors in this appeal.

### ASSIGNMENT OF ERROR

"I. The trial court erred in instructing the jury, thereby depriving the defendant of a fair trial and due process of law."

Balas contends that the trial judge incorrectly instructed the jury that notice sent to Balas' attorney was deemed notice to Balas. Balas also argues that the trial court incorrectly instructed the jury that recklessness was the culpable mental state for the offense of failure to appear.

Crim. R. 49, in pertinent part, reads as follows:

"(B)Service: how made. Whenever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B)."

The record shows that the court notified Balas' attorney pursuant to Crim R. 49 with notice of the sentencing hearing. Balas, however, departed for Florida without a forwarding address. The attorney was unable to contact Balas. In fact, Balas' only apparent communication with this area consisted of erratic phone calls from Florida to his mother. Under these facts notice to the attorney was notice to Balas.

Balas cites *State v. Glover* (1976), 52 Ohio App. 2d 35 as authority for his contention that the state must prove knowledge as an element of the offense. In Glover, supra at 37, the court stated:

"***."

"Before a person may be convicted for not appearing for & trial, there must be a showing

that he knew or should have known the date upon which it was to be held. In this case, there simply is not a showing that appellant had notice of the trial date. We hasten to add that, if there is any evidence that a defendant failed to appear at trial, the prosecution should act accordingly and such action would indeed be affirmed. In this case, however, there was no record made that appellant was notified of the trial date.

"*** ."

The Glover court does not say knowledge is the culpable mental state. Rather, Glover merely requires a showing that Balas knew or should have known of the date. The culpable mental state arises once Balas knows or should have known of this date. Because the offense of failure to appear neither specifies culpability nor indicates a purpose to impose strict liability, recklessness is the requirement for criminal liability. R.C. 2901.21(B). It was proper to instruct the jury on recklessness.

Balas did not know of an exact date. He knew one would be set. He knew or should have known that his presence was required. He had the responsibility to maintain contact with his attorney or the court or at a minimum to insure that his attorney was able to contact him.

We find no error in the trial court's instructions to the jury. The record amply supports the verdict. Accordingly, we overrule, Balas' first assignment of error.

### ASSIGNMENT OF ERROR

"II. The trial court's sentence ordering the defendant to perform community service to pay the court costs is a violation of the Thirteenth Amendment of the U.S. Constitution and Section Six of Article I of the Constitution of Ohio."

All parties concerned acknowledge that a defendant can not be imprisoned for failure to pay court costs. There is no reason to believe the trial judge thinks otherwise.

The order gives Balas a method by which he may satisfy his obligation to pay court costs. If Balas chooses not to avail himself of the court-offered method of payment, the debt will remain. There has been no threat of imprisonment for nonpayment of the debt.

We overrule the second assignment of error.

The trial court's judgment is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne Municipal Court to carry this judgment into execution.

A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment affirmed.*

BAIRD, J.
QUILLIN, P. J., dissents.

I would sustain the first assignment of error. The trial court instructed the jury, in part, that to find the defendant guilty they must find that "the defendant was notified and had knowledge of the date and time of the court appearance or the defendant recklessly absented himself from the jurisdiction of the court such that notice was impossible." (Emphasis added.) The court also stated to the jury that under Crim. R. 49 "notice to an attorney is notice to the defendant when he is represented."

The defendant presented evidence that his mother received a telephone call from the public defenders office on Friday advising that defendant was due in court the following Monday. The mother testified that she told the caller that she didn't know how to get in touch with defendant because, although defendant calls her, she didn't know if he would call that weekend.

Based on the record, it is possible that the jury convicted the defendant because it was undisputed that defendant's attorney was given notice of the hearing date. If the jury followed the court's instruction that notice to the attorney was notice to the defendant, a conviction was assured.

If the court's application of Crim. R. 49 stands, a client may be convicted for failure to appear even though his attorney for whatever reason, fails to communicate the notice to the client. I cannot approve such a result.

CIRIGLIANO, J., dissents.

I dissent with our reasoning in the second assignment of error. The Ohio Supreme Court has addressed the issue presently before us. In *Strattman v. Studt* (1969), 20 Ohio St. 2d 95, 102-103 the court stated:

"*** But a major distinction between fines and costs exists. In both criminal and civil cases, costs are taxed against certain litigants for the

purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.

"An indigent person taxed with costs in a civil action is not jailed to work off this obligation. Section 15 Article I of the Ohio Constitution, expressly prohibits imprisonment for civil debt. In criminal cases, court costs, assessed to defray the administrative costs of the litigation, are likewise subject to the same prohibition. The purpose of assessing costs in criminal and in civil cases is the same, and there is no justification for imprisonment for nonpayment of costs in criminal cases but not in civil cases.

"By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment. A judgment for costs in a criminal case is a civil, not a criminal, obligation, and may be collected only by the methods provided for the collection of civil judgments. To hold otherwise would permit that which is constitutionally prohibited.*** ".

In this case, the majority sees Balas' sentence as one presenting an option. I see no option. The court imposed community service on the indigent Balas to satisfy $361.00 in court costs. An indigent cannot be imprisoned for failure to pay his court costs which are civil debts. *Id.* at 102. Here, if the indigent Balas does not perform the community service, he may face imprisonment as a result of contempt charges. Court costs cannot be used to punish an indigent. I do not say that Balas is absolved of his responsibility for these costs nor that it is a debt which he can ignore. If and when he is no longer indigent, the debt obligation would become due. Accordingly, I would sustain Balas' second assignment of error insofar as is consistent with this dissent.