DECISION AND JUDGMENT ENTRY
This is an appeal from Washington County Common Pleas Court judgments of conviction and sentence. The jury found Keith J. Platz, defendant below and appellant herein, guilty of breach of recognizance, in violation of R.C. 2937.29 and 2937.99(A). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THERE WAS INSUFFICIENT EVIDENCE TO CONVICT THE APPELLANT FOR A BREACH OF RECOGNIZANCE, SUCH CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT."
A brief summary of the facts pertinent to this appeal is as follows. Appellant was previously indicted by the Washington County Grand Jury on a charge of felonious assault. He was arraigned on July 28, 1999, and released on his own recognizance after signing a bond promising to appear as required, at the call of the court. On December 30, 1999, at a change of plea hearing, appellant pled guilty to a reduced charge of aggravated assault. His bond was continued and sentencing was set for February 3, 2000. Appellant did not appear for that hearing and the trial court issued an arrest warrant. Appellant was taken into custody on March 23, 2000.
On February 10, 2000, the Washington County Grand Jury returned an indictment charging appellant with breach of recognizance, an unscheduled felony in violation of R.C. 2937.29 and 2937.99(A).[1] Appellant pled not guilty and the matter proceeded to a jury trial. At trial, appellant testified that he had asked his attorney to secure a continuance of the aforementioned sentencing hearing and assumed that such a continuance had been obtained. Appellant conceded, however, that the trial court judge had warned him to be present at the February 3rd sentencing hearing and that nobody had ever explicitly told him that the hearing had been continued to a later date.
The jury found appellant guilty and the trial court ordered a pre-sentence investigation. At the August 21, 2000 sentencing hearing, the court ordered appellant to serve a twelve month definite term of imprisonment. The court further ordered that the sentence be served consecutively to the sentence imposed for his assault conviction. The Court explained that appellant's "criminal history requires consecutive sentences." Judgment to that effect was entered on August 4, 2000, and this appeal followed.
 I
In his first assignment of error, appellant asserts that (1) insufficient evidence existed to convict him for breaching personal recognizance; and (2) that his conviction was against the manifest weight of the evidence. We disagree with appellant.[2]
In a review for sufficiency, appellate courts construe the evidence in a light most favorable to the prosecution. See State v. Hill (1996),75 Ohio St.3d 195, 205, 661 N.E.2d 1068, 1079; State v. Grant (1993),67 Ohio St.3d 465, 477, 620 N.E.2d 50, 64-65; State v. Rojas (1992),64 Ohio St.3d 131, 139, 592 N.E.2d 1376, 1384. The relevant inquiry is whether a reasonable jury could have found all essential elements of the crime beyond a reasonable doubt. See States v. Jones (2001),91 Ohio St.3d 335, 744 N.E.2d 1163; State v. Ballew (1996),76 Ohio St.3d 244, 667 N.E.2d 369; State v. Loza (1994), 71 Ohio St.3d 61,641 N.E.2d 1082. Reviewing courts will not overturn convictions on insufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts
(2001), 92 Ohio St.3d 146 ___ N.E.2d ___; State v. Treesh (2001),90 Ohio St.3d 460, 739 N.E.2d 749.
Appellant was charged with a breach of recognizance. The provisions of R.C. 2937.29 state:
 "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to penalty provided in section 2937.99
of the Revised Code."
In order to prove a breach of recognizance, the prosecution must show that the offender (1) was released on his own recognizance, and (2) recklessly failed to appear at the court proceeding as required by the Court.[3] None of those facts are in dispute. Brenda Wolfe, Washington County Clerk of Courts chief deputy clerk, testified that appellant was released on his own recognizance and that he failed to appear at the February 3, 2000 sentencing hearing. The prosecution played audiotapes of both the arraignment and the sentencing hearing for the jury to substantiate Wolfe's testimony.
Appellant testified and did not contest the fact that he was released on his own recognizance or that he was absent from the sentencing hearing. He admitted that he was told to be present at that hearing and further conceded that, despite this instruction, no one ever told him that the hearing date had been changed or that a continuance had been granted. Appellant simply "assumed" that a continuance had been granted because his attorney did not contact him to tell him any differently.
In the case sub judice, we find sufficient evidence to justify the conviction. After consideration of the evidence adduced at trial, reasonable minds would have no difficulty in reaching the conclusion reached by the trier of fact. A reasonable jury could, indeed, have found all of the elements of the crime beyond a reasonable doubt.
Appellant also has not persuaded us that his conviction was against the manifest weight of the evidence. In reviewing this claim, a reviewing court cannot reverse a conviction unless the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle (1997),120 Ohio App.3d 457, 473, 698 N.E.2d 440, 450; State v. Garrow (1995),103 Ohio App.3d 368, 370-371, 659 N.E.2d 814, 816; State v. Davis
(1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966, 969.
Appellant argues in support of his contention, his own testimony that his "frame of reference" for dealing with courts is the "New York Criminal Justice System" where, apparently, criminal defendants simply tell their attorneys to get a continuance and then wait to learn of a new hearing date. When appellant's attorney failed to contact him with a new date, appellant thought that a new date had not yet been scheduled. Appellant also testified that he was dealing with his own health problems at the time as well as those of his grandmother in New York.
It is not entirely clear how any of this testimony, even if taken as true, negates the evidence of a breach of recognizance or constitutes a defense. However, to the extent that it may arguably go to whether appellant was reckless in failing to appear at the sentencing hearing, we point out that appellant could just as easily have contacted his attorney or contacted the court to ascertain whether the hearing had been continued.
Insofar as his claim that the criminal justice system in New York works differently than the one in Ohio and that this formed the basis for his inattention, we note that weight of the evidence and the credibility of the witnesses are issues to be determined by the trier of fact. See Statev. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763, 768; State v.Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000, 1014; State v.Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721, 732. A jury is free to believe all, part or none of the testimony of each witness who appeared before them. See State v. Long (1998), 127 Ohio App.3d 328, 335,713 N.E.2d 1, 5; State v. Nichols (1993), 85 Ohio App.3d 65, 76,619 N.E.2d 80, 88; State v. Harriston (1989), 63 Ohio App.3d 58, 63,577 N.E.2d 1144, 1147. In the case sub judice, the jury obviously gave little weight to appellant's explanation(s). This is well within the jury's province.
Appellant also argues that the trial court erred by denying his Crim.R. 29 motion for judgment of acquittal made at the conclusion of the prosecution's case. First, we note that appellant did not raise this alleged error as an "assignment of error" and, therefore, it will not support a reversal of the conviction.[4] Second, we note that appellant premised his motion on the argument that the prosecution did not prove that he had actually signed the personal recognizance "bond" introduced at trial as "State's Exhibit A." Assuming arguendo that this was even necessary, we note that the bond reflects a signature which purports to be that of appellant and that Wolfe testified that appellant would not have been released had he not signed the "bond." This constitutes ample competent, credible evidence that appellant had, in fact, executed the "bond."[5] For all these reasons, appellant's first assignment of error is without merit and is hereby overruled.
 II
In his second assignment of error, appellant asserts that the trial court erred by ordering his prison sentence for this offense to be served consecutively to the sentence imposed on him for the prior assault conviction. We agree with appellant. Generally speaking, prison sentences must be served concurrently to one another. See R.C. 2929.41(A). There are several exceptions to this rule, however, and one is found in R.C.2929.14(E)(4). That statute provides in part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
This statute sets out a tri-partite procedure that must be followed when imposing consecutive sentences. First, a trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender. Second, a court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses. Third, a court must find that the existence of one of the three enumerated circumstances in sub-parts (a) through (c). See Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 464, § 7.9. The court's findings must be affirmatively set forth in the court's judgment or the imposition of consecutive sentences will be deemed reversible error. See State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported; State v. Brice (Jun. 9, 1999), Lawrence App. No. 98CA24, unreported; State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6, unreported; State v. Smith (Mar. 17, 1999), Meigs App. No. 98CA02, unreported; also see State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA6991, unreported; State v. Butts (Sep. 30, 1999), Licking App. No. 99CA29, unreported; State v. Buterbaugh (Sep. 16, 1999), Franklin App. No. 98AP-1093, unreported. With these principles in mind, we turn our attention to the judgment of sentence in the instant case.
Although the trial court engaged in a detailed and thorough discussion of its reasons for selecting a twelve month term of imprisonment, the only explanation we can find for the trial court's decision to order the two sentences to be served consecutively was that appellant's "criminal history requires consecutive sentences." This is similar to the explanation at issue in Haugh, supra, and, as in that case, we find the explanation to be insufficient to meet the statutory criteria. Therefore, we must remand this matter for re-sentencing.
The prosecution concedes that the trial court did not engage in the necessary analytical process to impose consecutive sentences. The prosecution argues, however, that the trial court, indeed all trial courts in the state of Ohio, are "repeatedly caught" in "hyper-technical quagmires" when they attempt to follow the dictates of "Senate Bill 2." We wholeheartedly agree. As we have noted on many previous occasions, we are sympathetic to the plight of prosecutors and trial courts who are diligently attempting to comply with the "endless complexity" wrought by the new sentencing guidelines. See Haugh, supra; also see State v.Gilliam (Jun. 10, 1999), Lawrence App. No. 98CA30, unreported. This is an argument best directed to the Ohio General Assembly, however. This Court, like the trial court and the prosecution, is charged with the duty to attempt to carry out the legislative dictates of that body.
The prosecution further argues that criminal defendants should be under some sort of obligation to object at sentencing to these "hyper-technical violations" of the sentencing guidelines. The prosecution suggests that because appellant did not object to the trial court's failure to engage in an R.C. 2929.14(E)(4) analysis, he should be deemed to have waived that error. While we understand the prosecution's frustration, we believe that this proposed solution is impractical. Generally, the trial court's reasons should be set forth in its sentencing entry. At this point, a defendant does not have the opportunity to object if the necessary analysis is omitted.
For these reasons, we find that appellant's second assignment of error is well taken and is hereby sustained. We affirm in part and reverse in part the trial court's judgment. We remand this matter for re-sentencing consistent with this opinion.[6]
It is ordered that the judgment be affirmed in part, reversed in part and the case remanded for further proceedings consistent with this opinion. Appellant is to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
 __________________________________ Peter B. Abele, Presiding Judge
[1] Effective March 23, 2000, R.C. 2937.99(A) was amended so that breach of recognizance was reclassified as a fourth degree felony. See
Am.Sub.S.B. No. 107, 12 Baldwin's Ohio Legislative Service (1999) L-3042, L-3116.
[2] A sufficiency of the evidence challenge is separate and distinct from a claim that the conviction is against the manifest weight of the evidence. See State v. Johnson (2000), 88 Ohio St.3d 95, 112,723 N.E.2d 1054, 1070; State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, at paragraph two of the syllabus; State v. Schaim
(1992), 65 Ohio St.3d 51, 53, 600 N.E.2d 661, 664, at fn. 1. Thus, we consider these arguments separately.
[3] Although the statute does not set out a culpable mental state for this crime, the law provides that "recklessness" is the applicable standard unless there is a clear indication that the Ohio General Assembly intended to impose strict criminal liability. R.C. 2901.22(B). The provisions of R.C. 2937.29 do not purport to impose strict criminal liability and, therefore, the requisite mens rea for this offense is "recklessness." See State v. Balas (1990), 68 Ohio App.3d 524, 526-527,589 N.E.2d 86, 88; State v. Kelley (Feb. 2, 2001), Lucas App. No. L-99-1405, unreported.
[4] Appellate courts determine appeals on the basis of assignments of error rather than arguments on individual issues. See App.R. 12(A)(1)(b); also see Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650, unreported; Woods v. Owners Ins. Co. (Feb. 1, 2000), Ross App. No. 99CA2486, unreported.
[5] We parenthetically note that appellant later admitted on cross-examination that he had signed the recognizance bond.
[6] We hasten to add that our ruling should not be misconstrued as a comment on the merits of consecutive sentencing in this case. We hold only that the proper procedure was not followed for the imposition of that penalty. We do not reach the issue of whether such punishment was appropriate.