DECISION AND JUDGMENT ENTRY
This is an appeal from Scioto County Common Pleas Court judgments of conviction and sentence. The jury found James M. Fitzpatrick, defendant below and appellant herein, guilty of vandalism, in violation of R.C.2905.09(B)(1)(a), and of failure to appear, in violation of R.C.2937.29/R.C. 2937.99. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN DENYING APPELLANT'S MOTION IN LIMINE TO PREVENT THE TESTIMONY OF APPELLANT'S FORMER ATTORNEY."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION CONCERNING FELONY VANDALISM."
THIRD ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN ITS INSTRUCTION AS TO VALUE OF PROPERTY CONCERNING FELONY VANDALISM."
FOURTH ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION CONCERNING FAILURE TO APPEAR."
FIFTH ASSIGNMENT OF ERROR:
 "THE COURT ERRED IN CHARGING THE JURY WITH A STRICT LIABILITY STANDARD ON FAILURE TO APPEAR."
A brief summary of the facts pertinent to this appeal is as follows. On the evening of June 23, 2000, Portsmouth Police Department Officer Jason Hedrick, while on patrol, observed appellant driving a motor vehicle. Patrolman Hedrick knew that appellant did not possess a valid driver's license. Hedrick followed appellant and the police radio dispatcher confirmed that he did not have a valid license. Hedrick then stopped appellant's vehicle near the intersection of State Route 23 and Kinney's Lane. Two other officers arrived shortly thereafter to provide assistance.
Appellant admitted that he did not have a valid driver's license and Officer Hedrick placed him under arrest, handcuffed him and placed him in the back of his patrol cruiser. A few moments later the officers, while they talked to appellant's wife, heard shouting and a "crashing sound." Hedrick returned to his cruiser and discovered that appellant had kicked out the glass in one of the cruiser's rear windows. Appellant shouted at Hedrick and the other officers to stay away from his wife.
The authorities filed a criminal complaint in the Portsmouth Municipal Court charging appellant with vandalism to government property in violation of R.C. 2909.05(B)(2). The court released appellant on his own recognizance.
On November 1, 2000, the Scioto County Grand Jury returned an indictment charging appellant with vandalism in violation of R.C.2909.05(B)(1)(a). Three weeks later the matter came on for arraignment. Appellant pled not guilty and his bond from Municipal Court was continued. The trial court scheduled a pre-trial hearing for December 14, 2000. Appellant, however, failed to appear at the hearing and the court issued a bench warrant for his arrest. Subsequently, appellant was arrested at the Scioto County Courthouse. Appellant apparently reported to the courthouse on January 4, 2001, under the mistaken belief that he had a court proceeding scheduled for that date.
On January 29, 2001, the Scioto County Grand Jury returned a second indictment and charged appellant with failure to appear in violation of R.C. 2937.29/2937.99(A)(B). He entered a not guilty plea to this offense and the two charges were consolidated for trial.
The trial court conducted a jury trial on March 5, 2001. No dispute arose concerning appellant's act of breaking a cruiser window. Rather, the central issue was the cruiser's value and the extent of the damage. Officer Hedrick testified that the cruiser value was approximately $20,000. This was roughly corroborated by Officer Marty Eveland who valued the cruiser at approximately $15,000 to $19,000. It was uncontroverted that the broken glass repair cost $187.50.
With respect to the failure to appear charge, appellant conceded that he did not appear at the December 14, 2000 pre-trial. Appellant, however, contested the factual issue of whether he was provided proper notice of the hearing date. Officer Hedrick testified that after his arrest, appellant gave his address as 2009, Apartment B, Thomas Avenue. Deborah Kirkpatrick, a secretary for the attorney who had initially represented appellant, testified that appellant called their office on November 8, 2000 and instructed them to send all his correspondence to 2009, Thomas Avenue, Apt. B. Kirkpatrick further stated that, once her office had been notified of the pre-trial date, a letter was forwarded to appellant at the Thomas Avenue address to inform him of that date.
Appellant countered that his attorney sent the notice to the wrong address and that it should have been mailed to his mother's residence at 677 Glenwood Avenue. In fact, appellant listed this address on his affidavit of indigency (this affidavit was presented at arraignment) and, ironically, was the address listed on the bench warrant issued for his arrest after he failed to appear at the pre-trial hearing. Appellant also testified that he repeatedly tried to contact his attorney to learn if his case had been scheduled for trial, but that he was unsuccessful. Diana Fitzpatrick, appellant's sister, corroborated his testimony. It is also undisputed that appellant appeared up at the Scioto County Courthouse on January 4, 2001, in the mistaken belief that he was due in court that day. Bailiffs Shawn Davis and Dan DeLotell both recounted that appellant waited that day in the courthouse third floor hallway for what he believed was a required court appearance.
The jury found appellant guilty of both charges. The trial court imposed eight (8) month prison terms and $300 fines for each charge with the prison terms to be served consecutively. This appeal followed.
 I
Appellant argues in his first assignment of error that the trial court erred when it denied his motion in limine, made at the outset of trial, which sought to prevent the testimony from his former attorney with regard to the failure to appear charge. We reject this argument for several reasons.
To begin, appellate courts do not directly review rulings on motionsin limine. Gallucci v. Freshour (Jun. 22, 2000), Hocking App. No. 99CA22, unreported; State v. White (Oct. 21, 1996), Gallia App. No. 95CA08, unreported. Those rulings are tentative and interlocutory and made by a court in anticipation of its actual ruling on evidentiary issues at trial. McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139,160, 625 N.E.2d 236, 250; Collins v. Storer Communications, Inc. (1989),65 Ohio App.3d 443, 446, 584 N.E.2d 766, 767-768. The denial of a motionin limine does not preserve an error for review. State v. Hill (1996),75 Ohio St.3d 195, 202-203, 661 N.E.2d 1068, 1077. Rather, in order to preserve the error for appeal the evidence must first be presented at trial and then a proper objection must be lodged. See State v. Brown
(1988), 38 Ohio St.3d 305, 528 N.E.2d 523, at paragraph three of the syllabus; State v. Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142, at paragraph two of the syllabus. An appellate court will then review the correctness of the trial court's ruling on the objection rather than the ruling on the motion in limine. White, supra; Wray v. Herrell (Feb. 24, 1994), Lawrence App. No. 93CA08, unreported.
It does not appear, from our review of the record, that appellant objected at trial to his former counsel's testimony. Thus, the issue has been waived and we find nothing to review. See Evid.R. 103(A); also seeState v. Elliott (Feb. 27, 1995), Highland App. No. 94CA836, unreported;State v. Laney (Jun. 30, 1992), Ross App. Nos. 1693 1751, unreported.[2]
Moreover, even if appellant had lodged an objection we would find no error. Appellant's argument is based on R.C. 2317.02(A) which provides that attorneys shall not testify concerning (1) communications made by the client to the attorney in that relationship and (2) the attorney's advice to the client. In the instant case, appellant's former counsel testified concerning the steps that his office took to notify appellant about the pretrial hearing. Manifestly, this testimony concerned neither a communication by the client to an attorney nor the attorney's advice to the client. Thus, by its own terms, the statute does not apply.
Appellant concedes that "the testimony herein complained of is not traditional advice from lawyer to client." He argues, however, that his former attorney's testimony formed a significant portion of the State's case and then cites several ethical considerations from the Ohio Code of Professional Responsibility for the proposition that this sort of conduct should not be permitted. We agree with appellant's contention insofar that a lawyer testifying against a former client does present a troubling situation. However, the law of privilege in this state is governed by statute and common law. See Evid.R. 501; also see State v. Cartee (Dec. 8, 1992), Vinton App. No. 468, unreported; Blackburn v. Tudor (Sep. 24, 1992), Scioto App. No. 2021, unreported. Appellant cites no authority to support his argument to exclude his former attorney's testimony under these particular circumstances and we have found none in our own research.
Thus, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.
 II
We jointly address appellant's second and third assignments of error as they both raise the same legal issues surrounding appellant's conviction on the vandalism charge. Specifically, appellant challenges his conviction for vandalizing property valued at more than $500 when the uncontested cost to repair the police cruiser was $187.50. Our analysis begins with the provisions of R.C. 2909.05(B)(1) which state, in pertinent part, as follows:
 "No person shall knowingly cause physical harm to property that is owned or possessed by another, when either of the following applies:
 (a) The property is used by its owner or possessor in the owner's or possessor's profession, business, trade, or occupation, and the value of the property or the amount of physical harm involved is five hundred dollars or more;" (Emphasis added.)
As the State correctly argues in its brief, this statute is phrased in the disjunctive. That is to say, an accused can be convicted either when the value of the property exceeds $500 or when the amount of damage exceeds $500. Thus, even though the cruiser damage was less than $500, it was uncontroverted that the cruiser value exceeded $500. Appellant could therefore be convicted under the statute, and we find no error in the trial court's decisions on this point either in denying appellant's Crim.R. 29(A) motion for acquittal or in the jury instructions given with respect to that charge.
Appellant counters by directing our attention to R.C. 2909.11(B) which states, inter alia, as follows:
 "The following criteria shall be used in determining the value of property or amount of physical harm involved in a violation of division (A)(1) of Section 2909.03 or Section 2909.05 of the Revised Code:
 (1) If the property is an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing that is either irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, the value of the property or the amount of physical harm involved is the amount that would compensate the owner for its loss.
 (2) If the property is not covered under division (B)(1) of this section and the physical harm is such that the property can be restored substantially to its former condition, the amount of physical harm involved is the reasonable cost of restoring the property." (Emphasis added.)
Appellant argues that (B)(2) of this section applies in this case because the property was substantially restored to its former condition and, thus, the amount of physical harm involved is the reasonable cost of restoring the property. We do not dispute that the property in this case (the police cruiser) was restored to its former condition. Once again, however, we believe that R.C. 2909.05(B)(1)(a) is phrased in the disjunctive. Neither the trial court nor the trier of fact need look to the amount or cost of physical harm if the value of the property exceeds $500 as it did in this case.
We add, however, that we are not unsympathetic to the legal principle appellant is arguing here. The statute, as it is now worded, provides that any "physical harm," no matter how slight, may constitute felony vandalism if the value of the property involved is more than $500. We emphasize that this court may not question the legislature's wisdom in enacting a statute. Rather, this is an issue that the Ohio General Assembly should consider. This Court is charged with applying these statutes as they are written and we find nothing erroneous in appellant's conviction for vandalism under R.C. 2909.05(B)(1)(a).
For these reasons, we overrule appellant's second and third assignments of error.
 III
Appellant argues in his fourth assignment of error that the trial court erred in overruling his Crim.R. 29(A) motion for judgment of acquittal on the failure to appear charge. We disagree.
Judgment of acquittal should be entered if the evidence is insufficient to sustain a conviction for the charged offense. State v. Daugherty
(Jun. 28, 2001), Ross App. No. 00CA2572, unreported; State v. Meadows
(Feb. 12, 2001), Scioto App. No. 99CA2651, unreported. A trial court should not enter a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the State has established each essential element of the offense beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, at the syllabus.
In determining whether a trial court erred in overruling a motion for acquittal, reviewing courts focus on the sufficiency of the evidence.See e.g. State v. Carter (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965,974; State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492,503. When reviewing sufficiency of the evidence, our inquiry is directed primarily to the adequacy of the evidence; that is, could the evidence, if believed, reasonably support a finding of guilt beyond a reasonable doubt. Jenks, supra at 273, 574 N.E.2d at 503; State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. Thus, our standard of review is whether, after viewing the evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jenks, supra at 273,574 N.E.2d at 503; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300, 315; State v. Dennis (1997), 79 Ohio St.3d 421, 430,683 N.E.2d 1096, 1105; also see Jackson v. Virginia (1979), 443 U.S. 307,319, 61 L.E.2d 560, 573-574, 99 S.Ct. 2781, 2789. Further, we note that a reviewing court should not assess whether the State's evidence is credible, but, whether, if credible, the evidence supports a conviction.See Thompkins, supra at 390, 678 N.E.2d at 549 (Cook, J. Concurring);also see Daugherty, supra.
The gist of appellant's argument in this assignment of error goes to the issue of knowledge. Specifically, appellant asserts that before he could be convicted of failing to appear, the State was required to prove that he knew, or should have known, of the pretrial hearing date. Although we agree with appellant as an abstract proposition of law, Seegenerally State v. Balas (1990), 68 Ohio App.3d 524, 526-527,589 N.E.2d 86, 88; State v. Glover (1976), 52 Ohio App.2d 35, 37,367 N.E.2d 1202, 1204, we also believe that sufficient evidence was adduced to support the jury's conclusion that appellant should have known of the pre-trial date.
Ms. Kirkpatrick testified that appellant called their office and told them to send all correspondence to the Thomas Avenue address. This was the address that she mailed the notice of the pre-trial hearing. This evidence, if found credible, constituted sufficient evidence for the jury to conclude that appellant should have known about that date.
Our conclusion is buttressed by the fact that appellant had a duty to maintain contact with his attorney to ensure that he had knowledge of any impending court dates. See Balas, supra at 527, 589 N.E.2d at 88. Although the defense introduced evidence that appellant attempted (unsuccessfully) to contact counsel by phone, the question of weight and credibility to afford that evidence is solely for the jury. See State v.Frazier (1995), 73 Ohio St.3d 323, 339, 652 N.E.2d 1000, 1014; State v.Rojas (1992), 64 Ohio St.3d 131, 139, 592 N.E.2d 1376, 1384; State v.DeHass (1968), 10 Ohio St.2d 230, 277 N.E.2d 212, at paragraph one of the syllabus. We also point out that appellant admitted, during cross-examination, that he did not go to his counsel's office to personally investigate whether any dates had been set for court appearances.
For these reasons, we find that the evidence was sufficient to go to the jury and that the trial court did not err by denying the Crim.R. 29(A) motion for judgment of acquittal. Accordingly, we hereby overrule appellant's fourth assignment of error.
 IV
Appellant argues in his fifth assignment of error that the trial court erred when instructing the jury on the failure to appear charge. In particular, appellant asserts that the trial court failed to instruct the jury as to the requisite mens rea and, thus, gave the impression that this offense is a strict liability offense. We agree with appellant.
The provisions of R.C. 2937.29 and R.C. 2937.99 do not specify a requisite mental state. In that case, and absent a plain indication of a purpose to impose strict liability, "recklessness" is the degree of culpability which must be proven. See R.C. 2901.21(B). We agree with our colleagues on the Wayne and Lucas County Courts of Appeal that when there is no indication of legislative intent that failure to appear should be a strict liability offense, the State must prove recklessness. See Balas,supra at 527, 589 N.E.2d at 88; State v. Kelley (Feb. 2, 2001), Lucas App. No. L-99-1405, unreported. After our review of the trial transcript, we find no jury instruction regarding a culpable mental state. This constitutes error and we must reverse the judgment of conviction.
The State counters that the evidence was sufficient to convict "[u]nder any standard of culpability." We are not persuaded. First, we note that the jury must make whatever factual determinations are necessary to establish guilt. This includes a finding regarding a requisite mental state. Second, we note that considerable evidence suggests that appellant did not act recklessly. For example, testimony from several sources indicated that appellant tried repeatedly (albeit unsuccessfully) to reach his attorney and to inquire about court dates. Also, uncontroverted evidence appears in the record that appellant did appear at the Scioto County Courthouse, of his own volition, under the mistaken belief that he had a court date. A reasonable trier of fact might conclude that appellant's conduct did not constitute reckless behavior.
We also point out that this error does not constitute harmless error. During deliberations, the jury asked several questions about the failure to appear charge, including one which asked "is it failure to appear orknowingly failing to appear." (Emphasis added.) This indicates that the jury struggled over what culpable mental state, if any, was required to prove such offense. For these reasons, we sustain appellant's fifth assignment of error.
Accordingly, having sustained appellant's fifth assignment of error, we hereby affirm the judgment of conviction for the vandalism offense and reverse the judgment of conviction for the failure to appear offense. We remand this case to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and the case remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[2] We acknowledge that appellant did object to the testimony of his former attorney's secretary, Deborah Kirkpatrick, but not to testimony from counsel himself.