**The STATE of Ohio,**

v.

**UNDERWOOD.**

2005-Ohio-2996.]

Hamilton County Municipal Court, Ohio.

No. 05 CRB 3530 A, B.

Decided March 22, 2005.

Keith Forman, for plaintiff.

Christopher Laber, for defendant.

MATTINGLY, Judge.

{¶ 1} Defendant, Joseph Underwood, is charged with obstructing official business in violation of R.C. 2921.31, which states as follows:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 2} Defendant's encounter with police on February 2, 2005, began when Joshua Younger, a cashier at a Kroger store, alerted a police officer working a security detail that defendant had left the store without paying for store merchandise. When Officer Eric Carpenter heard the cashier shout "shoplifter,"

he ran after defendant. There is no doubt that defendant knew he was being pursued by a police officer. Defendant ran across the Kroger parking lot and Warsaw Avenue and kept running after the officer had ordered him to stop five times. The officer also shouted that he would use his taser on defendant if he did not stop.

{¶ 3} Officer Carpenter strained a muscle in his calf while chasing defendant, so he called for other officers to assist him. After a pursuit of two to three minutes and then a brief struggle, Officer Carpenter arrested defendant and charged him with theft [1] and obstructing official business.

{¶ 4} Officer Carpenter, a veteran Cincinnati police officer, was in full uniform and equipped with a firearm when these events occurred. He was working a private-duty security assignment in a Kroger store in Cincinnati.

{¶ 5} Defendant does not dispute that he ran when the officer ordered him to stop and that, as a result, he obstructed the officer's efforts to subdue him. Rather, his defense to this charge is that since the officer was on the payroll of a private entity, namely, the Kroger Company, he was not a "public official" performing "any authorized act," as must be shown to sustain a conviction for obstructing official business. Thus, the defense urges, if an alleged thief runs from a uniformed officer who is working a private detail, he cannot be found guilty of obstructing official business in violation of R.C. 2921.31.

{¶ 6} The construction that defendant urges here has found some adherents in other states. See, e.g., Annotation, *Performance of Public Duty by Off–Duty Police Officer Acting as Private Security Guard* (1999), 65 A.L.R.5th 623, 1999 WL 179365.[2]

{¶ 7} The question of whether an officer in full uniform, working a private security detail is a "public official" has not been determined in Ohio with regard to a charge of obstructing official business. Nevertheless, Ohio has statutes and case law that shed light on this issue.

{¶ 8} "Public officials" include law-enforcement officers. R.C. 2921.01. In addition, a number of Ohio appellate courts have determined in other contexts, most notably in relation to charges of resisting arrest, that a sworn officer, performing valid police duties is a "public official," even if he is being paid by a private business.

---

1. The theft charge is not an issue here.

2. According to the annotation, various courts have found that an officer's official duty (1) continues at all times, even in off hours, (2) ends with private employment, (3) ends with lack of a police assignment, and (4) continues in accord with public policy.

{¶ 9} The leading case in this area is *State v. Glover* (1976), 52 Ohio App.2d 35, 6 O.O.3d 20, 367 N.E.2d 1202. In *Glover*, the defendant was arrested at a supermarket by an officer of the Columbus Police Department who was off duty, out of uniform, and working as a Kroger employee. When the officer saw Glover exit the store with merchandise he had not paid for, the officer stopped him, showed him his Columbus-police-officer badge, and informed him that he was under arrest. A scuffle ensued, which gave rise to a charge of resisting arrest in violation of R.C. 2921.33.

{¶ 10} Assessing the status of the officer to determine whether the charge could stand, the Tenth District Court of Appeals reasoned:

> A duly commissioned police officer holds a public office upon a continuing basis. The officer here remained an officer of the law, and his obligation to preserve the peace was not nullified by the fact he was working for Kroger in this case. Notwithstanding, the officer, even though acting as a private security policeman, had the right and duty to arrest and detain a person who was violating a law of this state or an ordinance of the city of Columbus until a warrant could be obtained.

Id. at 1204.

{¶ 11} Other Ohio decisions in resisting-arrest cases have followed the reasoning in *Glover*. See, e.g., *State v. Brown*, 7th Dist. No. 99 CA 132, 2002-Ohio-3055, 2002 WL 1376245 (in sustaining the conviction, the court noted that a police officer has the continuing obligation to preserve the peace and when he is acting as a private security policeman, he has the right and duty to arrest and detain a person who is violating the law); *State v. Hurley* (Oct. 29, 1986), 4th Dist. No. 1292, 1986 WL 12397 (conviction sustained when defendant resisted arrest by an off-duty police officer acting as a private security guard at an apartment building); *State v. Oliver* (Nov. 6, 1981), 2d Dist. No. 1550, 1981 WL 5335 (principle that a defendant cannot use force to resist arrest by one he knows or has good reason to believe is an authorized police officer is applicable to a plain-clothes officer and off-duty officer who has announced his status to fleeing defendant); *Elyria v. Slaughenhaupt* (Sept. 19, 1990), 9th Dist. No. 90CA004756, 1990 WL 136061 (conviction sustained when defendant resisted the lawful arrest of a police officer acting as a private security policeman at a parking facility).[3]

{¶ 12} The court in *State v. Duvall* (June 6, 1997), 11th Dist. No. 95–P–0140, 1997 WL 360695, considered the status of an off-duty officer in regard to a charge of assault on a police officer. While assault is normally a misdemeanor offense,

---

**3.** This view has been adopted in a slim majority of other states. Annotation, supra, 65 A.L.R.5th 623, 1999 WL 179365.

"if the victim of the offense is a peace officer * * * in the performance of [his] official duties" this offense is a fourth-degree felony.  R.C. 2903.13(C)(3).

{¶ 13} In *Duvall*, off-duty, uniformed officers who were paid by a school system to provide security at a football game were assaulted by defendants, Fred and Jason Duvall.  Charges of assault on a peace officer were filed.  To sustain this charge, the state needed to show that the peace officer in question was performing his official duties as mandated in R.C. 2903.13(C)(3) when assaulted.  Specifically, the court had to determine whether a uniformed, off-duty peace officer is performing "official duties" when he serves as a private security guard paid by a local school system.  As in this case, the defense argued that "official duties" should be interpreted only to include those times when a peace officer is officially "on duty" or "on the clock."

{¶ 14} Discussing this issue in detail, the Eleventh District Court of Appeals Court referred to a police officer's duties as defined by state statute, rule, regulation, and usage, noting that R.C. 737.11 creates many duties for peace officers to perform without regard to their duty status.

{¶ 15} Noting that several Ohio courts, including the court in *Glover*, have held that an officer has an obligation to observe and enforce the laws of this state when off duty, the court concluded:

[T]o determine what comprises a peace officer's "official duties," the court must look at the activities in which the peace officer was engaged when he was assaulted.  If the peace officer was engaging in a duty imposed upon him by statute, rule, regulation, ordinance or usage, regardless of his duty status, that officer is "in the performance of [his] official duties" for purposes of [the assault-on-a-police-officer] section.  This general precept is limited to activities occurring within the peace officer's territorial jurisdiction, R.C. 2935.03 and 4506.23, and, in certain circumstances, while the peace officer is in uniform, [Evid.R.] 601(C).

*Duvall*, 11th Dist. No. 95–P–0140, 1997 WL 360695.

{¶ 16} The court thus decided that under the facts in *Duvall*, the officers were pursuing their official business when they patrolled or monitored the crowd and were working to "preserve the peace."  Accordingly, the defendants were properly charged with and convicted of assaulting a peace officer in the performance of his official duties.

{¶ 17} The statute cited in *Duvall*, R.C. 737.11, states:

The police force of a municipal corporation shall preserve the peace, protect person and property, and obey and enforce all ordinances of the legislative authority of the municipal corporation, all criminal laws of the state and the United States * * *.

{¶ 18} Other Ohio courts have determined that a police officer is always on duty for other purposes as well. See, e.g., *Cooper v. Dayton* (1997), 120 Ohio App.3d 34, 45, 696 N.E.2d 640 (off-duty police officer who was injured when out of uniform and working a private detail and while attempting to arrest a shoplifting suspect is entitled to workers' compensation benefits); *Warrensville Hts. v. Jennings* (1991), 58 Ohio St.3d 206, 569 N.E.2d 489 (off-duty drug involvement is valid reason for dismissal of police officer, since officer has continuing duty to obey and enforce the criminal law, even when off duty); *State v. Horton* (Dec. 26, 2000), 12th Dist. No. CA2000–04–024, 2000 WL 1875803 (off-duty officer has a continuing right and obligation to enforce the law); *Cleveland v. Floria*, 121 Ohio Misc.2d 118, 2002-Ohio-7456, 782 N.E.2d 1257 (a police officer, not in uniform, can testify in court about a traffic violation observed while not officially on traffic duty).

{¶ 19} Turning to the facts of this case and applying the criteria cited in *Duvall* and *Glover*, the court finds that on the date in question, Officer Carpenter, a Cincinnati police officer working a security detail in Cincinnati, was a public official performing an authorized action within his official capacity as must be shown to secure a conviction under R.C. 2921.31. Defendant, by his own testimony, was aware that a police officer in full uniform had ordered him to stop. When defendant ran, he was obstructing and delaying the officer in his attempt to legitimately arrest him for shoplifting. Officer Carpenter was injured while chasing defendant, and he was also required to call for additional police assistance to carry out the stop. Based on these facts, the court finds defendant guilty of obstructing official business in violation of R.C. 2921.31.