[Cite as *State v. Chandler*, 2016-Ohio-1017.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2015-T-0033 |
| KEITH DONTALE CHANDLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00632.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Keith Chandler, appeals his convictions in the Trumbull County Court of Common Pleas on multiple counts of Tampering with Records and Forgery. The issue before this court is whether the crimes of Tampering with Records and Forgery are irreconcilable with the allegedly "more specific" crime of Falsification. For the following reasons, we affirm the decision of the court below.

{¶2} On September 18, 2014, the Trumbull County Grand Jury returned an Indictment, charging Chandler with Tampering with Records (Count 1), a felony of the

third degree in violation of R.C. 2913.42(A)(1), (B)(1) and (4); Forgery (Count 2), a felony of the fifth degree in violation of R.C. 2913.31(A)(3), (C)(1)(a) and (b); and Tampering with Records (Counts 3-8), felonies of the third degree in violation of R.C. 2913.42(A)(1) and (B)(4).

{¶3} On September 26, 2014, Chandler was arraigned on the Indictment and entered a plea of "not guilty" to all Counts.

{¶4} On January 22, 2015, Chandler filed a Motion to Dismiss the charges against him on the grounds that the prosecutor violated his discretion by charging him under "more generic and more serious felony statutes," rather than with Falsification, a misdemeanor of the first degree in violation of R.C. 2921.13(A)(5), "which is quite specific to the conduct which the Defendant is alleged to have committed."

{¶5} On January 29, 2015, the State filed its Response.

{¶6} On February 4, 2015, the trial court denied Chandler's Motion to Dismiss.

{¶7} On February 11, 2015, Chandler filed a Motion for Reconsideration, to which the State filed a Response on February 13, 2015.

{¶8} On February 18, 2015, the trial court denied Chandler's Motion for Reconsideration.

{¶9} On February 19, 2015, Chandler entered a plea of "no contest" to all Counts of the Indictment. At the change of plea hearing, the State made the following proffer as to what the evidence would have shown:

> With respect to Counts 1 and 2, on or about the second day of October of 2009 this defendant presented a falsified DD 214. That is his military discharge papers. The military discharge papers were * * * altered to reflect that this defendant was a Purple Heart

2

recipient or had been awarded the Purple Heart, when in reality he had not been. The defendant used that document to obtain Purple Heart plates, in particular plate number 431-YBW with a Purple Heart designation on that.

With respect to Count 3, on September 6th of 2011 the defendant went to the title agency and again renewed that same plate, the 431-YBW, certifying on the document that was kept by the state of Ohio that he was indeed a Purple Heart recipient entitled to that plate.

With respect to Count 4, on 11/17/2011 he went in and obtained a new plate, 774-YIR, also with a Purple Heart designation, again certifying that he was indeed a Purple Heart recipient on a document kept by the state of Ohio.

With respect to Count 5, on June 8th of 2012 he transferred the 774-YIR plate at the Bureau of Motor Vehicles again certifying that he was a Purple Heart recipient on a document kept by the state of Ohio.

With respect to Count 6, on July 20th of 2012 he then obtained a renewal for the 774-YIR plate, again certifying that he was indeed a Purple Heart recipient, getting the Purple Heart plate on the certification kept by the state of Ohio.

With respect to Count 7, on August 12th of 2013 the defendant again transferred and renewed his 774-YIR plate * * * on the

3

document collected and retained by the state department of motor vehicles.

Finally, on October 12th he transferred and/or renewed his plate on the 431-YBW, again certifying that he was indeed a Purple Heart recipient. All the documents that he certified this on were indeed documents kept by the state of Ohio which is a government entity. Those were in order to defraud the state and obtain Purple Heart plates.

**{¶10}** On March 18, 2015, Chandler's sentencing hearing was held. The trial court sentenced Chandler to "5 years of community control on each count to run concurrently subject to the general supervision and control of the Adult Probation Department," as well as to further "specific sanctions and conditions" imposed by the court.

**{¶11}** On March 27, 2015, the trial court issued a written Entry on Sentence.

**{¶12}** On April 7, 2015, Chandler filed a Notice of Appeal. On appeal, he raises the following assignment of error:

**{¶13}** "[1.] The trial court erred, as a matter of law, by concluding that the provisions contained in R.C. 2921.13(A)(5) did not prevail over the general provisions under which the appellant was charged, and denying appellant's motions on that basis."

**{¶14}** Issues regarding statutory construction and a statute's application to undisputed facts are reviewed under the de novo standard. *Akron Centre Plaza Ltd. Liab. Co. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

4

{¶15} Chandler maintains that the trial court erred by convicting him under the general statutes, Tampering with Records and Forgery, rather than the specific statute, Falsification. Chandler's argument that he could not be convicted of the charges in the Indictment rests upon the following rule of statutory construction:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

R.C. 1.51; *State v. Volpe*, 38 Ohio St.3d 191, 527 N.E.2d 818 (1988), paragraph one of the syllabus ("[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence").

{¶16} In a criminal context, R.C. 1.51 is applicable "only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime." *State v. Chippendale*, 52 Ohio St.3d 118, 120, 556 N.E.2d 1134 (1990); *State v. Boyle*, 11th Dist. Portage No. 2012-P-0003, 2012-Ohio-5581, ¶ 19-23. "Where it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both." *Chippendale* at paragraph two of the syllabus. Conversely, "[w]here it is clear that a special provision prevails over a general provision or the Criminal Code is silent or ambiguous on the matter, under R.C. 1.51, a

5

prosecutor may charge only on the special provision." *Id.* at paragraph three of the syllabus.

{¶17} A general provision and a special provision are irreconcilable, i.e., do not apply coextensively, where they "provide for inconsistent and irreconcilable results on a particular issue." *State v. Conyers*, 87 Ohio St.3d 246, 249, 719 N.E.2d 535 (1999). *See, e.g., Volpe* at 193 (R.C. 2915.02(A)(5), "treat[ing] possession of a gambling device as a first degree misdemeanor," and R.C. 2923.24, "mak[ing] possession of criminal tools, arguably such instruments as gambling devices, a fourth degree felony," are irreconcilable inasmuch as they "provide for different penalties for the same conduct"), and *Conyers* at 249 ("[u]nder former R.C. 2967.15(C)(2), parolees are excepted from the escape statute, whereas under R.C. 2921.01(E), parolees are included within the class of individuals subject to the escape statute," thus creating an irreconcilable conflict).

{¶18} Seven of Chandler's convictions were for Tampering with Records in violation of R.C. 2913.42(A)(1) and (B)(4): "No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall * * * [f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record * * *. If the writing, data, computer software, or record is kept by or belongs to a local, state, or federal governmental entity, a felony of the third degree."

{¶19} Chandler claims that an irreconcilable conflict exists with Falsification in violation of R.C. 2921.13(A)(5) and (F)(1): "No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to secure the issuance by a

6

governmental agency of a license, permit, authorization, certificate, registration, release, or provider agreement. * * * Whoever violates division (A) * * * (5) * * * of this section is guilty of falsification * * * a misdemeanor of the first degree."

{¶20} For the purposes of R.C. 1.51, we do not find Tampering with Records and Falsification irreconcilable in that they do not provide different penalties for the same conduct. Unlike third-degree Tampering with Records, misdemeanor Falsification "clearly does not require that the statement be made in writing or that the falsified writing or record be kept by a governmental entity." *State v. Hall*, 6th Dist. Lucas No. L-01-1374, 2004-Ohio-1654, ¶ 35. Contrary to Chandler's position, a comparison of the two statutes demonstrates that third-degree Tampering is the specific provision and misdemeanor Falsification the general statute. The broad range of conduct that could constitute Falsification under R.C. 2921.13(A)(5) is significantly narrowed for the purposes of third-degree Tampering by restricting the type of statements proscribed to writings, computer software, data, or records which are kept by a government entity. The inclusion of these additional elements distinguish third-degree Tampering with Records from misdemeanor Falsification. *Id.* at ¶ 36 ("[c]learly, the General Assembly considered that the uttering of a falsified written document or record, that was to be maintained by a governmental agency, was more egregious conduct, necessitating a greater degree of offense, than making a statement, whether oral or written, for the purpose of securing the issuance of a license or permit"); *accord State v. Garrett*, 8th Dist. Cuyahoga No. 92349, 2009-Ohio-5363, ¶ 44-50.

{¶21} Chandler counters that *Hall* is "outdated law" as a result of the Ohio Supreme Court's subsequent decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which overruled prior case law regarding allied offenses

7

of similar import.[1]  Chandler's argument does not avail.  As stated by the Ohio Supreme Court in *Chippendale*, analysis in light of R.C. 1.51 is only necessary when a general and a special provision constitute allied offenses of similar import.  In *Hall*, the court of appeals applied R.C. 1.51 in order to make the determination that Tampering with Records and Falsification were "not irreconcilable."  *Hall* at ¶ 35.  Although the court did not expressly find that Tampering with Records and Falsification were allied offenses, its analysis of the statutes under R.C. 1.51 presupposed such a determination.  In order for the specific provision to prevail, however, the statutes must be in conflict, and not merely allied offenses.

{¶22}  Chandler was also found guilty of Forgery in violation of R.C. 2913.31(A)(3), (C)(1)(a) and (b): "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [u]tter, or possess with purpose to utter, any writing that the person knows to have been forged.  * * *  Whoever violates division (A) of this section is guilty of forgery * * * a felony of the fifth degree."  "'Utter' means to issue, publish, transfer, use, put or send into circulation, deliver, or display."  R.C. 2913.01(H).  "'Forge' means to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."  R.C. 2913.01(G).

{¶23}  As in the case of Tampering with Records, we find the conduct proscribed by the Forgery by utterance statute narrower than the conduct proscribed by the Falsification statute.  Like Tampering, Forgery by utterance concerns written records.

---

1.  We note that *Johnson* itself has become outdated in light of *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

8

Moreover, the nature of a forged writing is not necessarily the same as a falsified statement.

> [I]nherently, forgery includes the act of falsifying. However, this does not always result in the unlawful act of falsification pursuant to R.C. 2921.13. That a forged writing may also contain false information is only incidental, and not necessary to commit the offense. While * * * documents * * * may contain false information * * * indicating falsification, the act of signing another's name at the bottom of that statement for the purpose of authenticating the document is a separate act of forgery. * * * Acts committed under the falsification statute do not necessarily violate the forgery statute. Forgery invalidates the *authenticity* of the writing not the *substance* of the writing. Therefore, the violations of the two statutes result from different conduct. The statutes prohibit separate and distinct offenses and therefore, the statutes are reconcilable.

*State v. Sufronko*, 105 Ohio App.3d 504, 509, 664 N.E.2d 596 (4th Dist.1995). To the extent that Forgery by utterance and Falsification so overlap, we find Forgery to be the more specific statute.

{¶24} Chandler's sole assignment of error is without merit.

{¶25} For the foregoing reasons, Chandler's convictions for Tampering with Records and Forgery are affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only. \

9