[Cite as *State v. Poupard*, 2018-Ohio-777.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Appellee

v.

Toddy Ray Poupard

Appellant

Court of Appeals No.　WD-17-003
　　　　　　　　　　　　　　WD-17-004

Trial Court No.　　2014CR0084
　　　　　　　　　　　2016CR0170

**DECISION AND JUDGMENT**

Decided:　March 2, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is a consolidated appeal from the judgments of the Wood County Court

of Common Pleas, following a bench trial, which convicted appellant, Toddy Ray

Poupard, of two counts of tampering with records in violation of R.C. 2913.42(A)(1) and

(B)(4), felonies of the third degree, and one count of failure to appear in violation of R.C.

2937.99(A) and (B), a felony of the fourth degree.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} The facts taken from the bench trial are as follows. On January 30, 2014, Ohio State Highway Patrol Trooper Dennis Spangler pulled appellant over for following too closely to the vehicle in front of him. Appellant informed Spangler that he did not have his driver's license on him, but gave his name as "Timothy Robert Poupard." Spangler escorted appellant to his patrol car, and asked for appellant's consent to pat him down. Appellant agreed and handed Spangler a molded pocket knife and four prescription bottles from his pocket. Three of the bottles had appellant's passenger's name on them. The fourth bottle had the name "Toddy Poupard" on it. Spangler asked appellant who Toddy Poupard was, and appellant responded that it was his son. Spangler then asked appellant for his birth date, and entered the information into the L.E.A.D.S. system, which returned a record match for "Timothy Poupard."

{¶ 3} At the time, Spangler suspected appellant was impaired based on appellant's slow, mumbled speech and the results of the horizontal gaze nystagmus test. Spangler transported appellant back to the State Highway Patrol post, where he was arrested for operating a vehicle while intoxicated. A search incident to the arrest revealed that appellant was carrying $8,000 in cash as well as several prepaid credit cards that had the name "Toddy Poupard" on them. When asked about the cash and credit cards, appellant stated that he was holding onto them for his brother who had gotten drunk at his house one night. Appellant told Spangler that he was going to give the money, credit cards, and prescription pills back to his brother the next time he saw him.

2.

{¶ 4} At the patrol post, appellant was given BMV Form 2255, which explained the consequences of refusing to submit to a test for controlled substances. The form, which was read to appellant, included the biographical information for "Timothy Robert Poupard." Appellant then signed the form, but his signature was illegible.

{¶ 5} While still at the patrol post, appellant was interviewed by Ohio State Highway Patrol Trooper Kent Stambaugh. At the beginning of the interview, appellant acknowledged that he was "Timothy." Stambaugh then read appellant his rights and presented appellant with Highway Patrol Form HP-70G, which is a waiver of rights. Appellant printed his name as "Timothy Poupard," and also printed Timothy's address and birthdate. Appellant then signed the form with an illegible signature.

{¶ 6} Appellant was at the patrol post for approximately four hours. For the first three and one-half hours, appellant held himself out as "Timothy Poupard." However, appellant eventually confessed that he was in fact "Toddy Ray Poupard."

{¶ 7} Ultimately, appellant was indicted on two counts of tampering with records. On May 20, 2014, appellant entered an initial plea of not guilty, and bond was established on appellant's own recognizance. On April 20, 2015, appellant filed a notice of incarceration, which stated that he was convicted in Michigan of domestic violence, and was sentenced to one year in prison commencing April 20, 2015.

{¶ 8} On February 1, 2016, notice was sent to appellant's home address regarding a pretrial hearing to be held on March 22, 2016. The notice was not returned as undeliverable. On March 22, 2016, appellant failed to appear for the pretrial hearing,

3.

which led to the separate charge of failure to appear in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree.

{¶ 9} Following the state's presentation of evidence, appellant moved for acquittal pursuant to Crim.R. 29, which the trial court denied. Appellant then rested without presenting any evidence in his own defense.

{¶ 10} Following the bench trial, the trial court found appellant guilty of the two counts of tampering with records, and the one count of failure to appear. The trial court continued the matter for preparation of a presentence investigation report. At sentencing, the trial court ordered appellant to serve two years in prison on each count of tampering with records, with those sentences to be served concurrently with each other, and concurrently with a one-year prison sentence on the count of failure to appear, for a total prison term of two years.

## II. Assignments of Error

{¶ 11} Appellant has timely appealed his judgments of conviction, and now asserts four assignments of error for our review:

I. The trial court erred to the prejudice of Appellant in denying his Crim.R. 29 motion.

II. The court's verdict was against the manifest weight of the evidence presented at trial.

III. The trial court committed error to the prejudice of Appellant by imposing the costs of prosecution without consideration of Appellant's present or future ability to pay.

4.

IV.  Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio.

### III. Analysis

{¶ 12} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his fourth assignment of error in which appellant argues that his trial counsel was ineffective for failing to properly investigate his case and develop a defense.

{¶ 13} To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Id.* at 687-688, 694.  "The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.* at 697.

{¶ 14} Appellant contends that trial counsel had three potential theories as it relates to the count of failure to appear:  (1) appellant never received notification to appear for the hearing on March 22, 2016, (2) appellant was in custody in Michigan at the

5.

time of the hearing, and (3) appellant was hospitalized at the time of the hearing. Appellant argues that trial counsel's failure to further investigate those theories prejudiced his defense.

{¶ 15} However, we find that appellant has failed to demonstrate a reasonable probability that the result of the proceedings would have been different had counsel investigated those theories. As to whether appellant received notice, the testimony and record reflect that notice was mailed to appellant's residence and was not returned undeliverable. As to appellant's incarceration, it was discussed at trial that appellant was released in September 2015. Finally, as to appellant's hospitalization, while counsel admitted to misplacing a document from appellant showing that he was hospitalized, counsel stated that the document was not in reference to the March 22, 2016 hearing date, but instead was for a time after appellant had been arrested. On appeal, appellant has not pointed to any evidence in the record contradicting those assertions. Therefore, we hold that any argument that further investigation would have aided his defense is pure speculation, and is not sufficient to demonstrate prejudice. *See State v. Kennard*, 10th Dist. Franklin No. 15AP-766, 2016-Ohio-2811, ¶ 26 (claim for ineffective assistance based on counsel's failure to conduct a better investigation is without merit where the record does not indicate that any additional evidence exists, and thus it is pure speculation that the results of the proceedings would have been different).

{¶ 16} Accordingly, appellant's fourth assignment of error is not well-taken.

6.

{¶ 17} In his first assignment of error, appellant argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal relative to the two counts of tampering with records.

{¶ 18} The denial of a motion for acquittal under Crim.R. 29(A) "is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. In reviewing a conviction for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 19} R.C. 2913.42 provides,

(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:

(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;

* * *

(B)(4) If the writing, data, computer software, or record is kept by or belongs to a local, state, or federal governmental entity, a felony of the third degree.

{¶ 20} In arguing that his conviction is based on insufficient evidence, appellant first maintains that the forms he signed were not government records. Notably, "record"

is not defined in R.C. 2913.01. However, "writing" is defined as "any computer software, document, letter, memorandum, note, paper, plate, data, film, or other thing having in or upon it any written, typewritten, or printed matter, and any token, stamp, seal, credit card, badge, trademark, label, or other symbol of value, right, privilege, license, or identification." R.C. 2913.01(F). Appellant makes no argument why the forms he signed were not government records or writings.

{¶ 21} We find that the evidence, when viewed in a light most favorable to the prosecution, is sufficient to support a rational trier of fact's conclusion that BMV Form 2255 and Highway Patrol Form HP-70G were writings or records kept by or belonging to a governmental entity. Here, the forms were documents containing written and printed matter, and the testimony from the trial revealed that the forms were kept in the case file maintained by the Ohio State Highway Patrol. Thus, the forms constituted government writings or records.

{¶ 22} Appellant next argues that Highway Patrol Form HP-70G is not a record or writing because it is not necessary to effectuate a waiver of Miranda rights. However, the fact that a form is not necessary does not negate its existence as a form kept by a governmental entity.

{¶ 23} Finally, appellant argues that because his signature was illegible, the state failed to prove that his purpose in signing the documents was to commit a fraud. We find this argument unpersuasive because appellant's act of signing the forms containing "Timothy's" information demonstrated his intent to pass himself off as "Timothy." The fact that his signature was illegible is immaterial.

8.

{¶ 24} Accordingly, we hold that appellant's convictions for tampering with records are not based on insufficient evidence. Appellant's first assignment of error is not well-taken.

{¶ 25} In his second assignment of error, appellant argues that his convictions are against the manifest weight of the evidence. Notably, concerning the counts of tampering with records, although appellant styles his argument as a manifest weight challenge, appellant actually contests the trial court's failure to consider the alternative offenses of falsification of records in violation of R.C. 2921.13 and obstructing official business in violation of R.C. 2921.31.

{¶ 26} Appellant relies on R.C. 1.51, which provides, "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." "R.C. 1.51 comes into play only when a general and a special provision constitute allied offenses of similar import and additionally do not constitute crimes committed separately or with a separate animus for each crime." *State v. Chippendale*, 52 Ohio St.3d 118, 120, 556 N.E.2d 1134 (1990).

> Where it is clear that a general provision of the Criminal Code applies coextensively with a special provision, R.C. 1.51 allows a prosecutor to charge on both. Conversely, where it is clear that a special provision prevails over a general provision or the Criminal Code is silent or

ambiguous on the matter, under R.C. 1.51, a prosecutor may charge only on the special provision. The only exception in the statute is where "* * * the general provision is the later provision and the manifest intent is that the general provision prevail." *Id.* at 120-121.

"The common meaning of 'general' is that which is 'universal, not particularized, as opposed to special.'" *State v. Conyers*, 87 Ohio St.3d 246, 250, 719 N.E.2d 535 (1999), quoting Black's Law Dictionary 682 (6th Ed.1990). Here, we will assume for the purposes of our analysis that tampering with records, falsification of records, and obstruction of official business are allied offenses.

**{¶ 27}** Appellant argues that the tampering with records statute, R.C. 2913.42(A)(1) and (B)(4), is the general provision, and falsification of records, R.C. 2921.13(A)(1), (2), and (3), and obstructing official business, R.C. 2921.31(A), are the specific statutes. We find the opposite to be true.

**{¶ 28}** R.C. 2921.13 provides,

(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:

(1) The statement is made in any official proceeding.

(2) The statement is made with purpose to incriminate another.

(3) The statement is made with purpose to mislead a public official in performing the public official's official function.

10.

Likewise, R.C. 2921.31(A) provides, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 29} In the case of R.C. 2921.13(A)(1), (2), and (3), the statute proscribes making a false statement or affirming the truth of a previously made false statement for certain purposes. However, "[t]he broad range of conduct that could constitute Falsification * * * is significantly narrowed for the purposes of third-degree Tampering by restricting the type of statements proscribed to writings, computer software, data, or records which are kept by a government entity." *State v. Chandler*, 11th Dist. Trumbull, No. 2015-T-0033, 2016-Ohio-1017, ¶ 20, citing *State v. Hall*, 6th Dist. Lucas No. L-01-1374, 2004-Ohio-1654. Even more so, R.C. 2921.31(A) broadly proscribes "any act" that hampers or impedes a public official, as compared to the specific act of tampering with a record. Therefore, we hold that appellant's argument that R.C. 2921.13(A)(1), (2), and (3), and R.C. 2921.31(A) are specific statutes that must be applied over the general statute in R.C. 2913.42(A)(1) and (B)(4) is without merit.

{¶ 30} Turning to appellant's argument that his conviction for failure to appear is against the manifest weight of the evidence, we note that when reviewing for manifest weight,

> The court, reviewing the entire record, weighs the evidence and all
> reasonable inferences, considers the credibility of witnesses and determines
> whether in resolving conflicts in the evidence, the [trier of fact] clearly lost

11.

its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 31} Here, the record contains evidence that a notice of the March 22, 2016 hearing was sent to appellant's address on February 1, 2016, and was not returned undeliverable. Appellant contends that the court received a notice that he was incarcerated in Michigan on a one-year sentence beginning on April 20, 2015. Thus, he concludes that there is no evidence that he ever received the notice to appear. However, there was also discussion during the trial that the hearing would not have been set unless the court had been notified that appellant had been released. Further, there was no evidence that appellant was still in prison on February 1, 2016, or March 22, 2016. Therefore, we hold that the trial court judge did not clearly lose his way, and this is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 32} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 33} Finally, in his third assignment of error, appellant argues that the trial court erred when it imposed costs without determining his ability to pay. At the sentencing hearing, the court advised appellant that it was imposing costs. In the subsequent

12.

judgment entries, the court stated, "The Defendant shall pay the outstanding costs of this prosecution. Judgment is granted for all court costs due and owing Wood County and execution awarded."

{¶ 34} Pursuant to R.C. 2947.23(A)(1)(a), "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * *, and render a judgment against the defendant for such costs." "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Thus, the trial court was not required to consider appellant's ability to pay before ordering him to pay court costs. *Id.*

{¶ 35} Appellant additionally argues that the trial court erred in imposing the cost of attorney fees under R.C. 2941.51(D) and the costs of confinement under R.C. 2929.18(A)(5) without determining his ability to pay. The state, in opposition, argues that the court had evidence before it in the form of appellant's presentence investigation report, which would support the court's finding that appellant had the ability to pay those costs. However, the trial court did not impose the costs of appointed counsel or confinement at the sentencing hearing or in its journal entry. Therefore, we find no merit to appellant's argument regarding his ability to pay.

{¶ 36} Accordingly, appellant's third assignment of error is not well-taken.

13.

## IV. Conclusion

**{¶ 37}** For the foregoing reasons, we find that substantial justice has been done the party complaining and the judgments of the Wood County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE