[Cite as *Ohio v. Connin*, 2021-Ohio-4445.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                          Court of Appeals No. F-21-001

    Appellee                                          Trial Court No.  20CR57

v.

David A. Connin                              **DECISION AND JUDGMENT**

    Appellant                                          Decided:   December 17, 2021

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney,
for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common

Pleas, which, following jury convictions for two R.C. 2937.29 violations, sentenced

appellant, among other sanctions, to pay his appointed-counsel fees.  For the reasons set

forth below, this court affirms, in part, and reverses, in part, the judgment of the trial court.

## I. Background

{¶ 2} The underlying criminal conviction of appellant David A. Connin for felony drug possession giving rise to this appeal, case No. 19CR104, was affirmed by this court in *State v. Connin*, 6th Dist. Fulton No. F-20-005, 2020-Ohio-6867. In the course of that felony case, on December 17, 2019, and again on March 13, 2020, appellant was granted release from custody on his own recognizance with certain conditions, including the promise to appear in court as required, also called a personal recognizance bond. After appellant pled no contest to possession of cocaine and the trial court found him guilty of that felony offense, he failed to appear for sentencing twice: the first time on April 21, 2020, and the second time on April 23.

{¶ 3} On May 19, a Fulton County Grand Jury indicted appellant with two counts of recklessly failing to appear while released on his personal recognizance bond in connection with a felony charge, a violation of R.C. 2937.29, and a fourth-degree felony pursuant to 2937.99(A). Appellant pled not guilty, and a jury trial was held on October 13. The jury found appellant guilty of both counts. As journalized on December 31, the trial court concurrently sentenced appellant to prison for 13 months for each offense. In addition to other sentencing matters, the trial court further stated, "Defendant is ordered to pay all prosecution costs and court-appointed counsel costs."

{¶ 4} Appellant appeals and sets forth three assignments of error:

2.

I. The State failed to show Mr. Connin had notice of the hearings, and failed to prove that Mr. Connin acted "recklessly."

II. The jury lost its way and created a manifest miscarriage of justice by convicting a person of failure to appear during a national and state-wide lockdown caused by a global pandemic.

III. The imposition of attorney fees is contrary to law.

## II. Sufficiency of the Evidence

{¶ 5} In support of his first assignment of error, appellant argues that appellee, the state of Ohio, failed to meet its burden to show two elements of the offense beyond a reasonable doubt: (1) that appellant had actual notice of the sentencing hearings, and (2) that appellant acted "recklessly." Appellant argues that no one personally contacted him of the date of sentencing and that he was confused over when he would appear for sentencing due to the COVID-19 state of emergency in Ohio. Appellant concludes that such insufficient evidence at trial violated his due process rights and constitutes plain error warranting reversal of his convictions.

{¶ 6} We review de novo, as a question of law, the challenge to whether the evidence in the record is legally sufficient to sustain a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Appellate courts do not evaluate the credibility of the evidence when determining its sufficiency because our role is to decide whether the evidence, if believed, can sustain the verdict as a matter of law. *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 132. "'The relevant

3.

inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" (Citations omitted.) *State v. McFarland*, 162 Ohio St.3d 36, 2020-Ohio-3343, 164 N.E.3d 316, ¶ 24. All admissible evidence may be considered on a claim of insufficient evidence. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 80. For the following reasons we find the record includes sufficient evidence, if believed by the jury, that sustains finding beyond a reasonable doubt appellant acted recklessly when he failed to appear at his case No. 19CR104 sentencing hearings on April 21 and 23, 2020.

{¶ 7} R.C. 2937.29 governs the offense of failure to appear as required by an accused while released on personal recognizance: "A failure to appear as required by such [personal] recognizance shall constitute an offense subject to the penalty provided in [R.C. 2937.99]." Pursuant to R.C. 2937.99(B), appellant's two violations resulted in two, new fourth-degree felonies.

{¶ 8} The Ohio Supreme Court confirms that where a statute does not specify a mens rea or does not plainly indicate imposing strict liability, then recklessness is sufficient culpability to commit the offense. *State v. Adams*, 62 Ohio St.2d 151, 152-53, 404 N.E.2d 144 (1980), citing former R.C. 2901.21(B), now R.C. 2901.21(C). This court recognizes that a violation of R.C. 2937.29 is not a strict liability offense and that proof of recklessly mens rea is an element of that offense. *State v. Treft*, 6th Dist. Wood No. WD-07-085, 2009-Ohio-1127, ¶ 27.

4.

{¶ 9} Appellee has the burden to show two elements beyond a reasonable doubt that appellant violated R.C. 2937.29: (1) appellant was released on personal recognizance, and (2) appellant recklessly failed to appear at the required court proceeding. *State v. Oviedo*, 6th Dist. Wood No. WD-13-085, 2015-Ohio-135, ¶ 16, citing *State v. Hicks,* 4th Dist. Highland No. 08CA6, 2009-Ohio-3115, ¶ 31. Appellant does not dispute the first *Oviedo* element that while he was released on personal recognizance in case No. 19CR104 after his March 13, 2020 conviction for felony cocaine possession, he failed to appear for sentencing on April 21 and 23.

{¶ 10} Appellant disputes, however, the sufficiency of the evidence supporting the second *Oviedo* element that he acted recklessly. Reckless mens rea is defined by statute:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶ 11} Appellant's first argument that he was entitled to, and did not receive, actual notice of his sentencing hearing is readily disposed of because appellee did not have to prove appellant had actual notice of the sentencing dates: recklessly, not knowingly, mens rea is required by R.C. 2937.29. *Hicks* at ¶ 32 and 49; *State v. Balas*,

5.

68 Ohio App.3d 524, 526-27, 589 N.E.2d 86 (9th Dist.1990); *see State v. Blackburn*, 11th Dist. Trumbull No. 2001-T-0052, 2003-Ohio-605, ¶ 23-24, (knowingly mens rea is a higher standard than recklessly pursuant to R.C. 2901.22). Although actual notice is not required, we find in the record that at appellant's December 17 sentencing hearing for this case, he admitted he knew of the April 21 sentencing hearing, but chose, instead, to go to work: "I think back to that day when I was supposed to be in Court and I made the decision to go to work instead of court and was at home so I missed [unintelligible] * * *."

{¶ 12} Even without that admission after the jury convicted him, the record shows that appellant knew or should have known his appearance was required at his case No. 19CR104 sentencing. First, we find the presentence investigation report contains appellant's lengthy criminal history where he has experience that a sentencing hearing followed each of his convictions.

{¶ 13} Second, appellant's case No. 19CR104 probation officer told appellant that sentencing was the next step. When appellant was found guilty on March 13, the trial court ordered a presentence investigation report prior to sentencing, and appellant was required to cooperate with the adult probation office. Shane Chamberlin, chief adult probation officer for Fulton County Common Pleas Court, testified at the October 13 trial he met with appellant on March 16 and gave him a packet of information to complete and deliver at their next meeting on March 23. The morning of March 23, the day the packet of information should be ready, the statewide pandemic order went into effect, and Mr.

6.

Chamberlin called appellant to cancel the face-to-face meeting: "I directed Mr. Connin to send that paperwork to me in the mail and then once I received that paperwork I would take care of that PSI interview over the phone." Appellant did not appear for the March 23 face-to-face meeting, so Mr. Chamberlin believed he had a good phone number for him. When Mr. Chamberlin did not receive the packet in the mail, he contacted appellant by telephone four times between March 27 and 31. Appellant responded once, between the second and third contact by Mr. Chamberlin, so Mr. Chamberlin knew, again, he had a good phone number for appellant. Appellant did not indicate he had any difficulty understanding or completing the packet. For the final voicemail to appellant on March 31, Mr. Chamberlin testified giving "clear instructions * * * that if he did not make contact with me by the end of the business day, that I would conclude that he did not want to participate in the * * * presentence investigation process * * * [and] that I would inform the court to proceed with sentencing." When Mr. Chamberlin did not receive the packet after an additional two days, on April 2, he sent written notice to the trial court of appellant's failure to cooperate and to proceed with sentencing. Mr. Chamberlin testified that at some later point appellant claimed his packet was returned undeliverable by the post office, but did not support his claim with anything further. In the end, appellant never submitted to Mr. Chamberlin the presentence investigation packet.

{¶ 14} Third, Jenna Andrews, the assistant court administrator for Fulton Common Pleas Court, testified at trial about her protocols for scheduling the April 21 sentencing hearing after consulting with appellant's trial counsel. On April 7 she sent written notice

of the sentencing date to counsel for the parties and to appellant. She did not receive any notice from the court clerk's office that the post office was unable to deliver her notice to appellant at the address he provided when he signed his personal recognizance bond on March 13.

{¶ 15} Fourth, Chris Dryer, appellant's case No. 19CR104 counsel, testified at trial that he received Ms. Andrews' mailed notice of the April 21 sentencing hearing and, per his standard protocol, contacted appellant. Then on the evening of April 20 he faxed to the clerk's office a motion for continuance, which the trial court denied on April 21. When appellant did not appear at the sentencing hearing, Mr. Dryer requested a new sentencing date in lieu of a bench warrant for appellant's failure to appear. The trial court granted Mr. Dryer's request and rescheduled sentencing for April 23. Mr. Dryer called appellant about the second sentencing hearing on April 23, and, again, appellant did not appear. The trial court then announced it would issue a bench warrant, but Mr. Dryer was not aware when the actual warrant would be issued. The bench warrant was issued on May 6, and sentencing finally occurred with appellant present on May 8.

{¶ 16} The fact that appellant's attorney communicated to appellant the sentencing hearing dates is admissible evidence not subject to attorney-client privilege. *State v. Walls*, 6th Dist. No. E-16-027, 2018-Ohio-329, 104 N.E.3d 280, ¶ 67. The fact that Ms. Andrews' actual notice of sentencing was received by appellant's attorney imputes notice to appellant. *Balas*, 68 Ohio App.3d 524 at 526, 589 N.E.2d 86, citing CrimR. 49.

8.

{¶ 17} From the foregoing evidence of Ms. Andrews successfully mailing the hearing notice to Mr. Dryer and to appellant's last known address given by him to the court, as supplemented by phone calls to appellant by Mr. Chamberlain and Mr. Dryer regarding the sentencing, it is reasonable for the jury to infer that appellant knew or should have known of the April 21 and 23 sentencing hearings. *See State v. Poupard*, 2018-Ohio-777, 108 N.E.3d 146, ¶ 15 (6th Dist.). We find other courts of appeals concur. *State v. Washington*, 8th Dist. Cuyahoga No. 52676, 1987 WL 16180, *3-4 (Aug. 27, 1987); *Balas* at 525-26; *State v. Fitzpatrick*, 4th Dist. Scioto No. 01CA2765, 2001 WL 1468864, *5-6 (Nov. 7, 2001); *Hicks,* 4th Dist. Highland No. 08CA6, 2009-Ohio-3115, at ¶ 33-40.

{¶ 18} Appellant then argues, with purported internet citations, that the jury could not have found he acted recklessly because he "acted with reasonable prudence with respect to COVID [because] at the time, officials were warning that everyone should stay home because the virus presented a 'substantial risk.'" However, the evidence cited by appellant is not in the record before us. App.R. 9(A)(1). Nor do we find in the record that appellant expressed a concern about the pandemic with respect to his failure to twice appear for felony sentencing.

{¶ 19} Upon de novo review of all admissible evidence in the record we find appellant's challenges to the sufficiency of the evidence for two reckless violations of R.C. 2937.29 are without merit. The fact that the trial court eventually sentenced appellant does not alter our analysis. We find, after viewing the evidence in a light most

9.

favorable to the prosecution, there was sufficient evidence in the record, if believed by any rational trier of fact, to find the essential elements of the two offenses were proven beyond a reasonable doubt and support the verdicts as a matter of law.

{¶ 20} Appellant's first assignment of error is not well-taken.

### III.  Manifest Weight of the Evidence

{¶ 21} In support of his second assignment of error, appellant argues his convictions should be reversed because "the result is simply unjust."  Appellant argues the jury lost its way when it convicted him of failing to appear for his sentencing hearings because he later told the trial court he was not "on the run."  Appellant points to his May 8, 2020 appearance for sentencing two days after the trial court issued a bench warrant, but before his trial counsel "even [knew] about a warrant."  Appellant further argues it was unreasonable for the jury to accept the probation officer's testimony that by March 31, appellant failed to cooperate with the presentence investigation for three reasons: (1) the confusion surrounding the statewide pandemic order since March 23; (2) at some point appellant notified the probation officer that his mailing to probation was returned by the post office; and (3) the probation officer never tried to contact appellant's trial counsel about the presentence investigation problems.

{¶ 22} A challenge, based on the manifest weight of the evidence presented to a jury, questions its effect in inducing belief of appellant's guilt and questions whether the jury could find the inclination of a greater amount of credible evidence was admitted at trial to sustain that decision than not.  *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

10.

Judgments supported by some competent and credible evidence going to all the essential elements of the offense will not be against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 23} This court has repeatedly stated that in determining whether a verdict is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way to create such a manifest miscarriage of justice as to require a new trial. *State v. Reynolds*, 2017-Ohio-1478, 89 N.E.3d 235, ¶ 47 (6th Dist.). A conviction will be overturned only in exceptional cases. *Id.* The unanimous concurrence of all three judges of a court of appeals panel is required to overturn a judgment that results from a jury. *Thompkins* at 389.

{¶ 24} After thoroughly reviewing the record we find no indication that the jury lost its way or created a manifest miscarriage of justice by finding that appellant twice violated R.C. 2937.29 with reckless mens rea. Put another way, under R.C. 2901.22(C), while released on personal recognizance appellant acted recklessly with heedless indifference to the consequences when he twice failed to appear for felony sentencing by disregarding a substantial and unjustifiable risk that such consequences are likely to exist, including the bench warrant for his arrest. *State ex rel. Kuczak v. Saffold*, 67 Ohio St.3d 123, 126, 616 N.E.2d 230 (1993) (court may issue warrant for the arrest of absent defendant pursuant to R.C. 2937.43); *Oviedo*, 6th Dist. Wood No. WD-13-085, 2015-Ohio-135, at ¶ 25.

11.

{¶ 25} It is undisputed that appellant failed to appear for sentencing in case No. 19CR104 on April 21 and 23, 2020, while he was released on a personal recognizance bond. We previously reviewed the credible evidence in the record, including the testimony of Ms. Andrews, Mr. Dryer, Mr. Chamberlin, and appellant's oral statements, that support finding appellant's culpable mental state of recklessness for those missed court appearances. We find the record shows some competent and credible evidence going to all the essential elements of the two offenses of which the jury convicted appellant. Despite appellant's assertions to the contrary, we do not find the jury clearly lost its way to create such a manifest miscarriage of justice as to require a new trial.

{¶ 26} Appellant's second assignment of error is not well-taken.

### IV. Appointed-Counsel Fees

{¶ 27} In support of his third assignment of error, appellant argues the imposition of appointed-counsel fees is contrary to law and should be vacated. Appellant argues the trial court erred by not affirmatively finding that appellant had or reasonably may expect to have the ability to pay his appointed-counsel fees. Appellant argues the record contains "no evidence" the trial court considered any facts relevant to appellant's ability to pay, and this court should vacate those fees "without the necessity of remanding for a 'do over.'" Appellant concludes that we should follow our determination in case No. 19CR104, *Connin*, 6th Dist. Fulton No. F-20-005, 2020-Ohio-6867 at ¶ 27, and vacate the appointed-counsel fees portion of his sentence. Appellee concedes the trial court's December 31, 2020 sentencing judgment entry "erroneously required Appellant to pay

12.

for his court-appointed counsel," citing *State v. Jones*, 6th Dist. Lucas No. L-17-1010, 2018-Ohio-882, ¶¶ 5-9.

{¶ 28} The December 17, 2020 sentencing hearing transcript is in the record. During sentencing the trial court stated it received the presentence investigation report for case No. 20CR57 from adult probation, "and I intend to rely upon it." In doing so, the trial court asked the parties if there were factual errors in the presentence investigation report, and both stated there were none. The trial court also invited appellant to provide mitigation evidence, and appellant stated remorse for choosing to go to work rather than appear for sentencing in case No. 19CR104. In addition, the trial court stated that "The Defendant will not be required to pay a fine in this matter but Defendant will pay costs. The Court believes that upon the Defendant finishing his term of incarceration, [he] will be capable of paying those costs, including the costs of prosecution."

{¶ 29} The trial court journalized its sentencing judgment entry on December 31, wherein the trial court repeated its reliance on the record, oral statements, the presentence investigation report, and R.C. 2929.11 and 2929.12. The trial court specifically ordered in its entry that "Defendant is ordered to pay all prosecution costs and court-appointed counsel costs."

{¶ 30} The presentence investigation report in the record verifies that at the time of the offenses for failing to appear at his sentencing hearings, appellant had completed his high school education and worked full time with a landscape company for $14 per hour. The record also shows that appellant's ongoing gainful employment was raised by

13.

him or his attorney at the June 24 arraignment, at the August 3 bond revocation hearing, at the September 29 final pretrial, and at his December 17 sentencing.

## A. Contrary to Law

{¶ 31} Despite appellee's concession, we must review appellant's "contrary to law" challenge to felony sentencing pursuant to R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Tucker*, 6th Dist. Wood No. WD-16-063, 2018-Ohio-1869, ¶ 36. Although "contrary to law" is an undefined term, the Ohio Supreme Court guides us that, "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶¶ 34-39.

{¶ 32} Appellant argues the record contains "no evidence" the trial court considered any facts relevant to appellant's ability to pay appointed-counsel fees, and this court should vacate those fees. To the extent appellant urges this court to modify or vacate his sentence based on our independent review that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, we lack the authority to grant the relief appellant seeks. *State v. Mockensturm*, 6th Dist. Wood No. WD-20-007, 2021-Ohio-881, ¶ 16, citing *Jones* at ¶ 42.

{¶ 33} Appointed-counsel fees are governed by R.C. 2941.51(D), which states, in relevant part, "[I]f the person represented has, or reasonably may be expected to have, the

14.

means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."

{¶ 34} The Ohio Supreme Court recently determined that, "the language used by the General Assembly in R.C. 2941.51 and in related statutes leads us to conclude that while the fees may be imposed at sentencing, the fees cannot be *included* as a part of the defendant's sentence, and should instead be imposed in a separate entry." (Emphasis sic.) *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, 171 N.E.3d 290, ¶ 32.

{¶ 35} The court differentiated between "costs" and appointed counsel fees authorized by R.C. 2941.51(D), noting the statute provides that appointed counsel fees "shall *not* be taxed as part of the costs[.]" (Emphasis sic.). *Id.* at ¶ 16. Furthermore, while R.C. 2941.51 does not expressly provide a trial court authority to order payment of appointed-counsel fees, "when R.C. 2941.51 is read in pari materia with R.C. 120.36(C), it is clear that the trial court in a criminal case has the authority to impose court-appointed-counsel fees upon a defendant." *Id.* at ¶ 24. In ordering a defendant to pay appointed-counsel fees, a trial court need not make explicit findings, but "making such findings explicitly on the record is the best practice." *Id.* at ¶ 28. An order to pay appointed counsel fees, moreover, is not part of a defendant's sentence, and a trial court's authority to impose such fees is "not limited to convicted persons[.]" *Id.* at ¶ 33-34; 36.

{¶ 36} The court instructs trial courts as follows:

Therefore, we conclude that while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's

sentence. Though, if the assessment of the fees is included in the

sentencing entry, the court must note that the assessment of the court-

appointed-counsel fees is a civil assessment and is not part of the

defendant's sentence. To avoid confusion, the best practice would be to

include the order in a separate entry, apart from the sentence. * * * We

express no opinion on whether a new order imposing court-appointed-

counsel fees on [appellant] may be entered in accordance with this opinion

and other applicable law.

*Id.* at ¶ 37-38.

{¶ 37} To the extent appellant urges this court to modify or vacate the portion of

his sentence imposing appointed-counsel fees as part of "costs," where such fees are not

"costs," are not deemed a part of his sentence under *Taylor*, and "contrary to law," we

have the authority to remand the matter for correction to the entry. However, our review

of the sentence under R.C. 2953.08 does not extend to the specific relief appellant

requests regarding the appointed-counsel fees, addressing these fees as part of the costs

assessed.

### B. Ability to Pay

{¶ 38} Nevertheless, we are faced with appellant's narrow argument claiming the

trial court failed to affirmatively find that appellant had or reasonably may expect to have

the ability to pay appointed-counsel fees. Consequently, our review is limited to the

assignment of error as presented on appeal. App.R. 12(A)(1)(b).

16.

**{¶ 39}** "R.C. 2941.51(D) permits the trial court to impose the costs of appointed counsel. * * * [However, that cost is] not mandatory and [is] premised on a finding of the defendant's present or future ability to pay." *State v. Leveck*, 6th Dist. Fulton No. F-20-009, 2021-Ohio-1547, ¶ 15. A trial court is not required to conduct a separate hearing or explicitly state that it considered appellant's ability to pay. *Id.* at ¶ 16. While this court has previously stated a preference for trial courts to expressly state in its final judgment that it considered appellant's present and future ability to pay appointed-counsel fees, that absence is not fatal in this instance. *See State v. Southam*, 6th Dist. Fulton No. F-18-004, 2018-Ohio-5288, ¶ 70. We look to the totality of the record for some evidence that the trial court considered appellant's present and future ability to pay the appointed-counsel fees. *Leveck* at ¶ 16; *Southam* at ¶ 69.

**{¶ 40}** The Ohio Supreme Court guides us that a trial court considers "myriad factors" in determining whether a defendant can reasonably be expected to pay appointed-counsel fees. *Taylor* at ¶ 29. In another post-*Taylor* challenge to a trial court's failure to determine that a defendant can reasonably be expected to pay appointed-counsel fees prior to imposing them at sentencing, we recently held that:

> The imposition of the costs of supervision, confinement, and assigned counsel is discretionary. If the court elects to impose these costs, it must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay. Although the "best practice" is for the trial court to put the basis for its findings regarding a defendant's ability to

pay on the record, the trial court is not *required* to explicitly make findings on the record. Nor is the court required to consider any specific factors in reaching its determination about a defendant's ability to pay. While the court need not conduct a formal hearing as to the defendant's ability to pay discretionary costs, a finding of his ability to pay must be supported by clear and convincing evidence in the record. * * * The trial court's indication that it reviewed a PSI that includes information on the defendant's financial, educational, and vocational background is sufficient to support the trial court's imposition of discretionary costs. (Citations omitted; emphasis sic.)

*State v. Ivey*, 6th Dist. Lucas No. L-19-1243, 2021-Ohio-2138, ¶ 8.

{¶ 41} We find the record contains clear and convincing evidence that the trial court received, and relied upon, information contained in the presentence investigation report about appellant's earning capacity, employment history, and education prior to the imposition of the discretionary sanction to pay appointed-counsel fees. Appellant did not dispute any factual errors in that report.

{¶ 42} Having found evidence in the record to support the trial court's determination of appellant's present and future ability to pay appointed-counsel fees and having made such determination at the sentencing hearing, we vacate appellant's criminal sentence only to the extent of the trial court's order for appellant to pay appointed-counsel fees. We therefore remand the matter to the trial court to include the civil

18.

assessment of the court-appointed counsel fees in a separate entry, apart from the sentence, as the best practice suggested in *State v. Taylor*.

{¶ 43} Appellant's third assignment of error is well-taken, in part.

## V. Conclusion

{¶ 44} On consideration whereof, we find that substantial justice has not been done in this matter. The judgment of the Fulton County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellant and appellee are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                 _____

                                           JUDGE

Gene A. Zmuda, P.J.            

                                 _____

Myron C. Duhart, J.                 JUDGE
CONCUR.

                                 _____

                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.